Jason A. Richardson (Utah SBN #14543)
Email: jason.richardson@emhllp.com
David T. McDowell* (TX SBN #00791222)
Email: david.mcdowell@emhllp.com
Kendall J. Burr* (TX SBN #24067533)
Email: Kendall.burr@emhllp.com
Nicholas R. Lawson* (TX SBN #24083367)
Email: Nicholas.lawson@emhllp.com
EDISON, MCDOWELL & HETHERINGTON LLP
1001 Fannin St., Suite 2700
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
*admitted pro hac vice

*ATTORNEYS FOR DEFENDANT*
*AMERICAN GENERAL LIFE INSURANCE COMPANY*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| **Molly Farrand,** | § § § | |
| *Plaintiff,* | § § | Case Number: 1:16-cv-00134-DB |
| **v.** | § § § | |
| **American General Life Insurance Company,** | § § § § | **DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S ANSWER** |
| *Defendant.* | § § | |

Defendant American General Life Insurance Company ("AGLIC"), by and through undersigned counsel, answers the Complaint filed by Plaintiff Molly Farrand as follows:

1. No response is necessary.

### PRELIMINARY STATEMENT

2. AGLIC lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 2 of the Complaint for Damages (Insurance Bad Faith) (hereinafter, "Complaint"), and as such, denies them.

3. AGLIC admits only that Vincent Farrand applied for Accidental Death coverage with AGLIC.  The remaining allegations set forth in paragraph 3 of the Complaint are denied.

4. AGLIC admits that the face amount of the Accidental Death policy was $500,000.00.

5. AGLIC lacks direct knowledge or information, but admits that it has been advised that Vincent Farrand was shot and killed by a Centerville Police officer on April 13, 2014.  The remaining allegations set forth in paragraph 5 of the Complaint are denied.

6. AGLIC admits that Mrs. Farrand made a claim for benefits under the Accidental Death policy with AGLIC.  The remaining allegations set forth in paragraph 6 of the Complaint are denied.

7. AGLIC denies the allegations set forth in paragraph 7 of the Complaint.

## PARTIES

8. AGLIC lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 8 of the Complaint, and as such, denies them.

9. AGLIC admits the allegations set forth in paragraph 9 of the Complaint.

10. AGLIC admits the allegations set forth in paragraph 10 of the Complaint.

## JURISDICTION

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, all allegations in paragraph 11 are denied.

## STATEMENT OF FACTS

**I.**   **The Life Insurance Policy**

12. AGLIC lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 12 of the Complaint, and as such, denies them.

13. AGLIC lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 13 of the Complaint, and as such, denies them.

14. AGLIC lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 14 of the Complaint, and as such, denies them.

15. AGLIC admits only that Vincent Farrand applied for an Accidental Death Insurance policy from AGLIC.

16. AGLIC admits the allegations set forth in paragraph 16 of the Complaint.

17. AGLIC admits that, among other information, Exhibit "A" contains a copy of the Accidental Death Insurance policy from AGLIC. The remaining allegations set forth in paragraph 17 of the Complaint are denied.

18. AGLIC admits that the Accidental Death Insurance benefit was $500,000.00.

19. AGLIC admits the allegations set forth in paragraph 19 of the Complaint.

20. AGLIC admits the allegations set forth in paragraph 20 of the Complaint.

21. AGLIC admits the allegations set forth in paragraph 21 of the Complaint.

II. **Vincent's Untimely Death and Federal Lawsuit**

22. AGLIC lacks direct knowledge or information, but admits that it has been advised of the facts alleged in paragraph 22 of the Complaint.

23. AGLIC admits only that an action titled F*arrand, et al. v. Centerville City, et al.*, Case No. 1:16-cv-00037, was filed in the United States District Court, District of Utah on March 24, 2016. The remaining allegations set forth in paragraph 23 of the Complaint are denied.

24. AGLIC can neither confirm nor deny the allegations set forth in paragraph 24 of the Complaint.

III. **Defendant's Deny Mrs. Farrand's Claim For Vincent's Life Insurance Benefits**

25. AGLIC admits the allegations set forth in paragraph 25 of the Complaint.

26. AGLIC admits the allegations set forth in paragraph 26 of the Complaint.

27. AGLIC admits the allegations set forth in paragraph 27 of the Complaint.

28. AGLIC admits only that its August 18, 2014 letter contains, in part, certain language quoted in paragraph 28 of the Complaint. AGLIC refers to that letter for its full contents and denies all characterizations thereof as set forth in paragraph 28 of the Complaint. AGLIC further denies that the allegations set forth in paragraph 28 should be construed as limiting in any way AGLIC's grounds for denial.

29. AGLIC admits only that it denied Mrs. Farrand's claim for benefits under the Accidental Death policy. The remaining allegations set forth in paragraph 29 of the Complaint are denied.

30. AGLIC denies the allegations set forth in paragraph 30 of the Complaint.

31. AGLIC denies the allegations set forth in paragraph 31 of the Complaint.

32. AGLIC admits only that it sent its August 18, 2014 letter after approximately four months of investigation. AGLIC denies the argument implied in paragraph 32 of the Complaint that the duration of the investigation was insufficient.

33. Paragraph 33 of the Complaint contains legal arguments and case citations as to which no response is required. To the extent a response is required, all factual allegations set forth in paragraph 33 are denied.

34. AGLIC denies the allegations set forth in paragraph 34 of the Complaint.

35. AGLIC denies the allegations set forth in paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains legal arguments and case citations as to which no response is required. To the extent a response is required, all factual allegations set forth in paragraph 36 are denied.

37. AGLIC denies the allegations set forth in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains improper hypotheticals and arguments as to which no response is required. To the extent a response is required, all factual allegations set forth in paragraph 38 are denied.

39. AGLIC denies the allegations set forth in paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains legal arguments as to which no response is required. To the extent a response is required, all factual allegations set forth in paragraph 40 are denied.

41. Paragraph 41 of the Complaint contains legal arguments as to which no response is required. To the extent a response is required, all factual allegations set forth in paragraph 41 are denied.

42. AGLIC lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 42 of the Complaint, and as such, denies them.

43. Paragraph 43 of the Complaint contains improper hypotheticals, legal arguments and case citations as to which no response is required. To the extent a response is required, all factual allegations set forth in paragraph 43 are denied.

44. AGLIC denies the allegations set forth in paragraph 44 of the Complaint.

45. AGLIC lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 45 of the Complaint, and as such, denies them.

46. AGLIC denies the allegations set forth in paragraph 46 of the Complaint.

47. AGLIC admits only that it did not perform all actions that Plaintiff apparently contends *could* have been taken during the investigation as proposed in paragraph 47 of the Complaint, but denies that such actions were required by law, customary practice in the industry, or reasonably necessary under the circumstances given the substantial evidence already discovered.

48. AGLIC admits only that counsel for Mrs. Farrand has notified AGLIC that a settlement had been reached.  However, AGLIC denies that any details, information, or documentation about that settlement have been provided to AGLIC, despite AGLIC's request for a copy of the settlement agreement.

49. AGLIC states that the first clause of paragraph 49 is unintelligible and confusing. AGLIC admits only that it did send the letter attached as Exhibit C to the Complaint.

50. AGLIC denies the allegations set forth in paragraph 50 of the Complaint.

51. AGLIC denies the allegations set forth in paragraph 51 of the Complaint.

**FIRST CAUSE OF ACTION**

(Breach of Contract)

52. AGLIC incorporates by reference its answers to Paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53. Admit that AGLIC issued an Accidental Death policy insuring Vincent Farrand. Deny the remaining allegations set forth in paragraph 53.

54. Paragraph 61 of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, AGLIC admits that Molly Farrand was the beneficiary of the Accidental Death policy insuring Vincent Farrand. AGLIC denies the remaining allegations in paragraph 61.

55. AGLIC denies the allegations set forth in paragraph 55 of the Complaint.

56. AGLIC denies the allegations set forth in paragraph 56 of the Complaint.

57. AGLIC denies the allegations set forth in paragraph 57 of the Complaint.

58. AGLIC denies the allegations set forth in paragraph 58 of the Complaint.

## SECOND CAUSE OF ACTION

(Breach of Covenant of Good Faith and Fair Dealing)

59. AGLIC incorporates by reference its answers to Paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60. Paragraph 60 of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, all allegations in paragraph 60 are denied.

61. Paragraph 61 of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, AGLIC admits that Molly Farrand was the beneficiary of the Accidental Death policy insuring Vincent Farrand. AGLIC denies the remaining allegations in paragraph 61.

62. AGLIC denies the allegations set forth in paragraph 62 of the Complaint.

63. AGLIC denies the allegations set forth in paragraph 63 of the Complaint.

64. AGLIC denies the allegations set forth in paragraph 64 of the Complaint.

65. AGLIC denies the allegations set forth in paragraph 65 of the Complaint.

66. AGLIC denies the allegations set forth in paragraph 66 of the Complaint.

67. AGLIC denies the allegations set forth in paragraph 67 of the Complaint.

## THIRD CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

68. AGLIC incorporates by reference its answers to Paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69. AGLIC denies the allegations set forth in paragraph 69 of the Complaint.

70. AGLIC denies the allegations set forth in paragraph 70 of the Complaint.

71. AGLIC denies the allegations set forth in paragraph 71 of the Complaint.

72. AGLIC denies the allegations set forth in paragraph 72 of the Complaint.

73. AGLIC denies the allegations set forth in paragraph 73 of the Complaint.

74. AGLIC denies the allegations set forth in paragraph 74 of the Complaint.

75. AGLIC denies the allegations set forth in paragraph 75 of the Complaint.

76. AGLIC denies the allegations set forth in paragraph 76 of the Complaint.

**FOURTH CAUSE OF ACTION**

(Tortious Violation of Public Policy)

77. AGLIC incorporates by reference its answers to Paragraphs 1 through 76 of the Complaint as if fully set forth herein.[1]

78. AGLIC denies the allegations set forth in paragraph 78 of the Complaint.

79. AGLIC denies the allegations set forth in paragraph 79 of the Complaint.

80. AGLIC denies the allegations set forth in paragraph 80 of the Complaint.

81. AGLIC denies the allegations set forth in paragraph 81 of the Complaint.

82. AGLIC denies the allegations set forth in paragraph 82 of the Complaint.

83. AGLIC denies the allegations set forth in paragraph 83 of the Complaint.

---

[1] "Tortious Violation of Public Policy" does not appear to be a recognized cause of action in Utah, and yet appears to be inserted in the Complaint as a pretextual excuse to make a frivolous demand for punitive damages. AGLIC reserves all rights in this regard, including its right to seek appropriate remedies including its costs and attorneys' fees in connection with defending a frivolous claim not supported by Utah law.

84. AGLIC denies the allegations set forth in paragraph 84 of the Complaint.

85. AGLIC denies the allegations set forth in paragraph 85 of the Complaint.

86. AGLIC denies the allegations set forth in paragraph 86 of the Complaint.

87. AGLIC denies the allegations set forth in paragraph 87 of the Complaint.

88. AGLIC denies the allegations set forth in paragraph 88 of the Complaint.

## PRAYER FOR RELIEF

With respect to Farrand's prayer for relief, AGLIC denies that Farrand is entitled to any relief claimed in the "Wherefore" clause of the Complaint, or to any relief whatsoever, from AGLIC.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses and avoidances to the Complaint, AGLIC alleges as follows: provided however, that by alleging the matters set forth in these defenses, AGLIC does not thereby allege or admit that it has the burden of proof or persuasion with respect to any of these matters.

### First Affirmative Defense:
### (Failure to State a Cause of Action or Claim Upon Which Relief can be Granted)

The Complaint fails to state facts or allegations sufficient to constitute a cause of action or claim against AGLIC upon which relief can be granted.

### Second Affirmative Defense:
### (Failure to Mitigate)

Although AGLIC denies that Farrand has suffered any damage, loss, or harm as alleged in the Complaint, to the extent that Farrand has suffered damage, loss, or harm, her claims are barred in whole or in part because she failed to mitigate that damage, loss, or harm.

### Third Affirmative Defense:
### (Economic Loss)

The claims are barred, in whole or in part, based on the economic loss doctrine.

### Fourth Affirmative Defense:
### (Failure to Perform Conditions Precedent)

The claims are barred, in whole or in part, because Farrand failed to perform conditions precedent to recovery under the policy.

### Fifth Affirmative Defense:
### (Estoppel)

The claims are barred, in whole or in part, by the doctrine of estoppel.

### Sixth Affirmative Defense:
### (Unjust Enrichment)

The claims are barred, in whole or in part, by the doctrine of unjust enrichment.

### Seventh Affirmative Defense:
### (Good Faith)

The claims are barred, in whole or in part, because AGLIC's conduct has at all times been in good faith.

### Eighth Affirmative Defense:
### (Terms of the Policy)

The claims are barred, in whole or in part, based on the specific terms of the Accidental Death policy.

### Ninth Affirmative Defense:
### (Compliance with Law)

The claims are barred, in whole or in part, because the terms of the Accidental Death policy comply with Utah law.

### Tenth Affirmative Defense:
### (Comparative Fault)

The claims are barred, in whole or in part, based on the doctrine of comparative fault.

### Eleventh Affirmative Defense:
### (Unsupported by Utah Law)

Farrand's fourth cause of action is barred in whole or in part, because notwithstanding its misleading title, the elements alleged are merely a disguised action for bad faith under the Utah Insurance Code (Utah Admin. Code r. R590-191), for which no private right of action exists.

### Twelfth Affirmative Defense:
### (Administrative Jurisdiction)

Farrand's fourth cause of action is barred in whole or in part, because the conduct alleged therein is subject to the primary jurisdiction and/or discretion of one or more regulatory or administrative agencies or bodies.

### Thirteenth Affirmative Defense:
### (No Cause of Action)

Farrand's fourth cause of action is barred in whole or in part, because "breach of public policy" is not a recognized cause of action in Utah.

### Fourteenth Affirmative Defense:
### (Other Defenses)

AGLIC reserves the right to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware.

**WHEREFORE**, AGLIC prays for judgment as follows:

1. That Plaintiffs take nothing by the Complaint against AGLIC;

2. That the Complaint be dismissed with prejudice;

3. That AGLIC recover its reasonable expenses and costs herein; and

4. For such other and further relief as the Court deems just and proper.

Dated: November 23, 2016.                    Respectfully submitted,


By:     */s/ Nicholas R. Lawson*

    Jason A. Richardson
    Utah Bar No. 14543
    David T. McDowell*
    Kendall J. Burr*
    Nicholas R. Lawson*

EDISON, MCDOWELL & HETHERINGTON LLP
1001 Fannin St., Suite 2700
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
Email: nicholas.lawson@emhllp.com
*admitted pro hac vice

**ATTORNEYS FOR DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on November 23, 2016, on counsel of record by ECF:

    */s/ Nicholas R. Lawson*
    Nicholas R. Lawson